UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF COMMERCE, COMMUNITY AND ECONOMIC DEVELOPMENT, DIVISION OF INVESTMENTS,<br><br>Plaintiff,<br><br>vs.<br><br>FV MARSHA ANN (Official No. 907753), In Rem; JACOB G. RODRIGUEZ, In Personam,<br><br>Defendants. | 1:23-CV-00004-JMK-MMS<br><br>REPORT AND RECOMMENDATION ON COMPLAINT [1] |

The State of Alaska, Department of Commerce, Community and Economic Development, Division of Investments ("Plaintiff") filed its Complaint against FV MARSHA ANN (Official No. 907753) and Jacob G. Rodriguez ("Defendants") on June 9, 2023.[1] On September 8, 2023, Plaintiff filed an affidavit that Defendants had been served on July 7, 2023.[2] As this date, no answer has been filed.

On September 8, 2023, a Clerk's Text Notice of Deficiency was entered against Plaintiff, directing it to file a motion for entry of default.[3] On September 21, 2023, Plaintiff

---

[1] Dkt. 1.
[2] Dkt. 5.
[3] Dkt. 6.

filed a motion for default judgment, which, the following day, was rejected as filed for failure to adhere to the District of Alaska Local Civil Rules and the Federal Rules of Civil Procedure.[4]  On September 22, 2023, Plaintiff refiled its motion for default judgment, which was similarly rejected on September 27, 2023.[5]  On September 28, 2023, Plaintiff refiled its motion for default judgment, styled as a "Motion for Entry of Default Judgment."[6]  Each of these submissions was in error, as a plaintiff must first file a motion for entry of default before it can move for default judgment.[7]

On October 24, 2023, this Court issued an order directing Plaintiff to file a motion for entry of default prior to moving for default judgment in compliance with the Federal Rules of Civil Procedure and the District's Local Rules.[8]  As of this date, Plaintiff has not made such a filing.

This Court hereby issues its Report and Recommendation regarding Plaintiff's Complaint.  Dkt. 1.  For the reasons below, the Complaint should be **DISMISSED** for failure to prosecute in violation of this Court's order.  28 U.S.C. § 636(b)(1)(B).

## I.    LEGAL AUTHORITY

The Federal Rules of Civil Procedure permit a defendant to move to dismiss an action for lack of prosecution.  *See*, Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute

---

[4] *See*, Dkt. 7 & Docket Annotation dated September 22, 2023.
[5] *See*, Dkt. 8 & Docket Annotation dated September 27, 2023.
[6] Dkt. 9.
[7] *See*, Dkt. 10; Fed. R. Civ. P. 55; *Kanaway Seafoods, Inc. v. Grubbs*, No. 3:21-CV-00269-TMB-KFR, 2022 WL 3082896, at *2 (D. Alaska June 7, 2022); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).
[8] *See*, Dkt. 10.

or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). The District's Local Rules, on the other hand, do not require a motion. *See*, Loc. Civ. R. Civ. P. 41.1 ("Failure to prosecute or to otherwise comply with the Federal Rules of Civil Procedure, the Local Civil Rules, or with any court order may result in imposition of sanctions authorized by law, including dismissal."). This Court finds sua sponte consideration appropriate due to Defendants being nonresponsive.[9]

The sanction of "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances."[10] Court are required to weigh five factors when considering dismissing an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Id.* Dismissal is not an abuse of discretion when at least four of these factors weigh in favor of dismissal, or instead if three "'strongly' support dismissal."[11] However, "[c]ases involving sua sponte dismissal merit special focus on considerations relating to the fifth *Henderson* factor." *Id.*

## II. ANALYSIS

The *Henderson* factors support dismissal. The first two factors weigh in favor of it. Not only does Plaintiff's lack of action unreasonably delay the resolution of this case, but it also places an unnecessary burden on this Court to continue to maintain a matter that

---

[9] *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998) (Federal district courts have "the inherent power sua sponte to dismiss a case for lack of prosecution.").
[10] *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).
[11] *Hernandez*, 138 F.3d at 399.

3

Plaintiff does not pursue. Failure to refile properly pursuant to this Court's order "suggests [that] Plaintiff does not intend to litigate this action diligently."[12] As such, this Court finds the first two factors to support dismissal.

As to the third factor, there is "a presumption of prejudice to a defendant [that] arises when a plaintiff unreasonably delays prosecution of an action."[13] Where a court is not offered a "justifiable reason" for a party's failure to prosecute its case, the third factor is met. *Id.* Plaintiff here has been provided multiple notices of Defendants' lack of response and has been unreasonable in its failure to move for entry of default and default judgment. As such, this Court finds the presumption unrebutted and this factor to weigh in favor of dismissal.

As to the fourth factor, while dismissing an action will inherently cut against the public policy of favoring disposition of cases on their merits, this factor does not necessarily weigh against dismissal. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction."[14] As such, because Plaintiff's own conduct has prevented a disposition of this case on its merits, this Court finds this factor to be neutral on dismissal.

---

[12] *Reimann v. Tucker*, No. 3:22-CV-00191-SLG, 2023 WL 1779817, at *1 (D. Alaska Feb. 6, 2023) (finding a failure to refile sufficient for the first two *Henderson* factors.).
[13] *Dolan v. Clawson*, No. 3:23-CV-00005-SLG, 2023 WL 6929278, at *2 (D. Alaska Oct. 19, 2023).
[14] *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

4

The fifth factor has three components: "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions."[15] A court "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives[.]"[16] Providing a party with the opportunity to correct its error and a warning it of the potential consequence of dismissal for failure to do so satisfies the a court's obligation to consider lesser sanctions.[17]

This Court finds no other lesser sanction to be satisfactory or effective in this case because Plaintiff has been given multiple opportunities to remedy its error, has been warned of the consequences for not doing so, and was ordered to file properly with an explanation of how its prior filings were in violation.

On September 8, 2023, Plaintiff was put on notice:

> An answer has not been filed by, nor default taken as to [the] defendant [. . .]. Plaintiff will respond to this notice of deficiency on or before 9/22/23 by filing a motion for entry of default or explaining why a motion for entry of default has not been filed. **Failure to respond to this deficiency notice may result in the dismissal of the complaint for lack of prosecution as to that defendant**.

*See*, Clerk's Notice of Deficiency at Dkt. 6 (emphasis added). Plaintiff then filed a motion for default judgment in violation of both the Federal and Local Rules of Civil Procedure, not once, but three times. *See*, Dkts. 7–9. After Plaintiff's third erroneous

---

[15] *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).
[16] *Henderson*, 779 F.2d at 1424 *accord Reimann*, 2023 WL 1779817, at *2 n.11 (D. Alaska Feb. 6, 2023).
[17] *See, e.g.*, *Reimann*, 2023 WL 1779817, at *1 (D. Alaska Feb. 6, 2023).

filing, this Court ordered it to file properly, noting that "[e]ntry of default is a prerequisite to moving for default judgment."[18] Despite these directions and warnings, Plaintiff has failed to comply. As such, the fifth factor strongly supports dismissal.

### III. CONCLUSION

Upon consideration of the *Henderson* factors, four weigh in favor of dismissal. For the reasons set forth above, the Complaint should be **DISMISSED**. 28 U.S.C. § 636(b)(1)(B).

DATED this 29th day of November 2023, at Anchorage, Alaska.

_____
MATTHEW M. SCOBLE
CHIEF U.S. MAGISTRATE JUDGE

Pursuant to D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than the CLOSE OF BUSINESS on December 13, 2023. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo*, et al., 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed five (5) pages in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the CLOSE OF BUSINESS on December 20, 2023. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a). Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

---

[18] Dkt. 10 at *2.