IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF COMMERCE, COMMUNITY AND ECONOMIC DEVELOPMENT, DIVISION OF INVESTMENTS,<br><br>      Plaintiff,<br><br> vs.<br><br>FV MARSHA ANN (Official No. 907753), *in rem*; JACOB G. RODRIGUEZ, *in personam*,<br><br>      Defendants. | Case No. 1:23-cv-00004-JMK-MMS<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

    The State of Alaska initiated this action on June 9, 2023.[1] Pursuant to the Local Magistrate Rules, this Court referred the matter to Chief Magistrate Judge Scoble.[2] Beginning in September 2023, the docket reflects a series of clerk's notices and annotations addressing the State of Alaska's deficient pleadings.[3] On October 24, 2023, Judge Scoble issued a substantive order addressing the proper procedure for an entry of default.[4] At

---

[1] Docket 1.
[2] Docket 4.
[3] Dockets and Docket Annotations 6–9.
[4] Docket 10.

Docket 10, Judge Scoble directed the State of Alaska to file a motion for entry of default in compliance with the Local and Federal Rules of Civil Procedure. The State of Alaska did not submit a new motion. On November 29, 2023, Judge Scoble issued the Report and Recommendation at Docket 11, in which he recommended the Complaint at Docket 1 be dismissed for failure to prosecute. The State of Alaska objects at Docket 12.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[5] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[6] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[7]

The State of Alaska broadly objects to Judge Scoble's recommendation to dismiss the complaint for lack of prosecution. The State of Alaska agrees that it erred when filing prior pleadings and attaches a Motion for Entry of Default for submission.[8]

---

[5] 28 U.S.C. § 636(b)(1)(C).
[6] *Id.*
[7] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").
[8] Docket 12 at 1; Docket 12-1.

*State v. FV MARSHA ANN (ON 907753), et al.*        Case No. 1:23-cv-00004-JMK-MMS
Order Adopting Report and Recommendation        Page 2

Case 1:23-cv-00004-JMK-MMS    Document 14    Filed 05/14/24    Page 2 of 4

Furthermore, the State of Alaska counters that "at most, only two [of the *Henderson*] factors support dismissal here."[9]

Upon its review, the Court finds the State of Alaska's objections unpersuasive.[10] The Court does recognize that Judge Scoble's Order at Docket 10 does not articulate a filing deadline. Regardless, Judge Scoble's Order at Docket 10 terminated the State of Alaska's prior motion. Further, the Order at Docket 10 directed the State of Alaska to refile its motion in accordance with the rules. Judge Scoble ordered corrective action; ergo, the time to remedy was immediate. Requiring parties to adhere to procedural rules assists in the efficient administration of justice.[11] Further, a district court must manage its docket to facilitate "the orderly and expeditious disposition" of all of the cases brought before it.[12] It cannot replace the role of counsel as either protector or advocate.[13] The Court finds that the first, second, third, and fifth *Henderson* factors were met.

Magistrate Judge Scoble recommended that the Court dismiss the Complaint for lack of prosecution. The Court has reviewed the Report and Recommendation and agrees with the analysis. Accordingly, the Court adopts the Report and Recommendation at Dockets 11, and IT IS ORDERED that this matter is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter a final judgment.

---

[9] Docket 12 at 2–5.
[10] *United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) (articulating that "the district court ha[s] no obligation to provide individualized analysis of each objection.").
[11] *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (reaffirming the principle that a district court has the inherent power to control its docket).
[12] *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016).
[13] *But see* Docket 12 at 5.

*State v. FV MARSHA ANN (ON 907753), et al.*  Case No. 1:23-cv-00004-JMK-MMS
Order Adopting Report and Recommendation  Page 3
Case 1:23-cv-00004-JMK-MMS   Document 14   Filed 05/14/24   Page 3 of 4

IT IS SO ORDERED this 7th day of May, 2024, at Anchorage, Alaska.

                                                   */s/ Joshua M. Kindred*
                                                   JOSHUA M. KINDRED
                                                   United States District Judge

*State v. FV MARSHA ANN (ON 907753), et al.*      Case No. 1:23-cv-00004-JMK-MMS
Order Adopting Report and Recommendation      Page 4
Case 1:23-cv-00004-JMK-MMS     Document 14     Filed 05/14/24     Page 4 of 4